B. G. ADAMS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4361.    Decided October 20, 1926.

*Harry Kahan,* C. P. A., for the petitioner.
*D. D. Shepard, Esq.,* for the respondent,

The Commissioner has asserted a deficiency in income tax for the year 1921 in the amount of $248.47. The petitioner alleges that the Commissioner erred (1) in disallowing depreciation on machinery and equipment which by mistake was entered on his income-tax return as amortization of war-time facilities, and (2) in disallowing deduction for losses sustained during the taxable year.

### FINDINGS OF FACT.

The petitioner resided in Los Angeles, during the taxable year, where he was engaged in the business of buying and selling pipe under the fictitious firm name of the Adams Pipe & Supply Co. He was never engaged in the production of facilities for the prosecution of the war. The entry on his income-tax return for the taxable year, taking a deduction in the amount of $1,500, appeared as amortization of war facilities, instead of as depreciation of equipment and machinery used in the trade or business, on the line just above where it appears on the return.

The petitioner bought and sold pipe all through the oil-producing territory of southern California. In 1919 he purchased a Cadillac touring car, which he used in calling on his customers for the purpose of buying or selling the commodities in which he dealt, for which he paid the amount of $4,500. This automobile was in use for business purposes during a part of the year 1921. It was also used to some extent as a pleasure car.

During the year 1920 the petitioner purchased shares of stock of the B. H. Dyas Co. for which he paid $1,000. Some time in the taxable year he sold this stock for $900.

During the year 1920 the petitioner purchased bonds of the County of Los Angeles at par, in the amount of $18,000. Some time in the taxable year he sold such bonds for $16,920 and thereby sustained a loss in the amount of $1,080.

During the year 1920 the petitioner acquired a royalty interest in an oil lease owned and operated by the Amalgamated Oil Co., at a cost of $3,250. On July 12, 1921, he received a statement from the company showing no income from the production of oil available for distribution at that date. Some time later he ascertained that production on the property had ceased and that the Amalgamated Oil Co. had abandoned the lease as worthless. He sustained a loss on this transaction during the taxable year in the amount of $3,250.

### OPINION.

LANSDON: In support of his several contentions the petitioner testified at the hearing without introducing any documentary evidence or books other than the notice from the Amalgamated Oil Co. that no funds were available for distribution to owners of royalty interests at July 12, 1921. He testified that he made diligent efforts to ascertain the value of his royalty interest and made inquiries of the Oil Company and elsewhere, and that he ascertained that the lease had been abandoned and that his royalty interest was worthless. We are of the opinion that the petitioner properly deducted

the cost of such interest from his gross income for the taxable year as a loss sustained in that year.

The losses sustained in the sale of the bonds of Los Angeles County and the stock of the B. H. Dyas Co. were sustained during the taxable year and were proper deductions from gross income. The amount of $1,500 erroneously deducted from gross income as amortization of war facilities can not be allowed as depreciation, since it is not supported by sufficient evidence. The evidence does not convince us that the petitioner is entitled to depreciation or loss on his Cadillac car, and we therefore sustain the Commissioner on that point.

> *Judgment will be entered on 20 days' notice, under Rule 50.*